(V.D. 147)

TORCH MANUFACTURING CO., INC. *v.* UNITED STATES

Entry No. 748512, etc.

(Decided November 27, 1968)

*Joseph Winston* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

FORD, Judge: This matter is before me on remand from classification proceedings decided by this court in *Torch Manufacturing Co., Inc.*, v. *United States*, Abstract P68/182, wherein the matter was remanded to a single judge sitting in reappraisement. It has been submitted on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff herein and the Assistant Attorney General for the United States, subject to the approval of the Court, that:

1. The merchandise marked "A" and initialed JB (Commodity Specialist's Initials) by Commodity Specialist J. Bistreich (Commodity Specialist's Name) on the invoices covered by the protest enumerated on the schedule attached hereto and made a part hereof,

consist of flashlights which were the subject of decision in the case of *Torch Manufacturing Co., Inc.* v. *United States*, Abs. P68/182, and therein remanded to a single Judge of the Court to determine the proper dutiable value.

2. That the flashlights, the subject of this stipulation, were entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956, T.D. 54165, and appear in the Secretary's final list, T.D. 54521.

3. That neither such nor similar flashlights were, at the time of exportation, freely sold or offered for sale for home consumption in the principal markets of Hong Kong, the country of exportation.

4. That at the time of exportation the price at which such or similar flashlights were freely sold in the principal markets of Hong Kong, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit price.

## IT IS FURTHER STIPULATED AND AGREED

1. That the merchandise marked "B" in the invoices, as before by the Commodity Specialist, covered by the protest enumerated in the schedule annexed hereto and made a part hereof consists of batteries which were also the subject of decision in the case of *Torch Manufacturing Co., Inc.* v. *United States*, Abs. P68/182, and therein remanded to a single Judge of the Court to determine the proper dutiable value.

2. That the batteries, the subject of this stipulation, were entered for consumption after the effective date of Section 2 of the Customs Simplification Act of 1956, T.D. 54165, and are not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said batteries are subject to appraisement under Section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. That at the time of exportation the price at which such or similar batteries were freely sold in the principal markets of Hong Kong, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit price.

4. That the above case is submitted for decision upon this stipulation subject to the Approval of the Court.

Upon the agreed facts, I find as to those items marked "A" and initialed on the invoices by the designated commodity specialist that export value as that value is defined in section 402a(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the

proper basis for the determination of the value of the involved flashlights, and that said values are the invoiced unit prices, and as to those items marked "B" and initialed on the invoices by the designated commodity specialist that export value as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the involved batteries, and that said values are the invoiced unit prices.

Judgment will be entered accordingly.